IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSE F. EARLS                                                                                               PLAINTIFF

v.                                            Civil No. 2:22-CV-02166-PKH-MEF

JUSTIN DAVIS (Maintenance Crew,                                                                DEFENDANT
Sebastian County Detention Center)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey Court Orders and failure to prosecute this case.

### I.      BACKGROUND

Plaintiff filed his Complaint on October 21, 2022. (ECF No. 1). He was granted *in forma pauperis* ("IFP") status that same day. (ECF No. 3). The Order granting IFP status advised Plaintiff that he must inform the Court of any address change within 30 days of any such change, or his case would be dismissed. (*Id.*). The Clerk also sent Plaintiff a copy of the District's Prisoner Litigation Guide on October 21, 2023. Plaintiff filed an Amended Complaint on November 9, 2022. (ECF No. 6). On November 10, 2022, the Court entered an Order directing Plaintiff to submit a Second Amended Complaint to address deficiencies in his First Amended Complaint. (ECF No. 7). Plaintiff did so on November 30, 2023. (ECF No. 8). Plaintiff's Amended Complaint alleges he was injured by a piece of equipment falling on him while incarcerated in the Sebastian County Detention Center. (*Id.*).

1

Defendant filed a Motion for Summary Judgment on July 26, 2023. (ECF No. 17). On July 27, 2023, the Court entered an Order directing Plaintiff to submit his Summary Judgment Response. (ECF No. 20). This Order included the following specific instructions regarding the procedure and legal requirements for a summary judgment response:

> At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means the Response must include legal arguments, as well as affidavits, prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. The affidavit must be based upon the personal knowledge of the person executing the affidavit and must be either: (1) sworn and subscribed by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. 1746.
>
> Furthermore, Plaintiff must also separately file a Statement of Disputed Facts, which lists: (a) any disagreement with the specifically numbered factual assertions contained in the Statement of Undisputed Facts filed by the Defendant; and (b) any other disputed facts that must be resolved at a hearing or trial.
>
> If Plaintiff disputes any of the facts set forth by the Defendant in the Statement of Undisputed Facts, each numbered paragraph must be identified that contains the fact in dispute and, for each paragraph identified, explain why there is a dispute.
>
> Plaintiff is advised that if he intends to rely up on any records or exhibits that have been previously filed with the Court, Plaintiff must specifically refer to those documents by ECF document and page numbers. The Court will not sift through the file to find support for the factual contentions. *See Crossley v. Georgia-Pacific Corp.,* 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages in the record that supported his position).

On August 18, 2023, Plaintiff submitted a two-page response with two photographs attached showing an injury to his head and big toe. (ECF No. 22). On the first page Plaintiff summarizes Defendant's arguments. (*Id*. at 1). On the second page, Plaintiff states:

> Facts are the Plaintiff in fact did get hurt by a door, Mr. Justin Davis left the cover to the door motor above the cell a 6 ft. steel cover had fell on Plaintiff, see x-ray incident and Report page 4. Head injury and x-ray report page 7. Toe injury with the facts in the phots. The motion for summary judgment should be denied and the Plaintiff should be rewarded for his or her injuries.

(*Id*. at 2). There are no injury or x-ray reports attached to his Response. If he intended to reference documents elsewhere in the case, Plaintiff does not provide an ECF document and page number citation as directed by the Court's Order. Plaintiff also failed to submit the required Separate Statement of Disputed Facts. On August 31, 2023, Plaintiff submitted a Motion for Appointment of Counsel, which was denied on September 6, 2023. (ECF Nos. 23, 24).

On September 18, 2023, mail sent to Plaintiff was returned undeliverable, indicating he was no longer incarcerated in the Sebastian County Detention Center. (ECF No. 25). The deadline for Plaintiff to inform the Court of his new address was set for October 18, 2023. (*Id*.). To date, Plaintiff has failed to inform the Court of his new address, and he has not communicated with the Court since his request for appointed counsel.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently .... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

3

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily. *Id*.

### III.     ANALYSIS

Here, Defendants expended resources conducting discovery and preparing a Motion for Summary Judgment. Plaintiff then intentionally failed to obey two Court Orders as well as the Federal and Local Rules of Civil Procedure. First, he failed to submit either a Summary Judgment Response or a separate Statement of Disputed Facts which were compliant with the Court's Order and Local Rules of Civil Procedure. The Court notes that he was given explicit instructions in the Order. He also received a copy of the District's Prisoner Litigation Guide, which provides an example of what is required for a rule-compliant Statement of Disputed Facts. Second, he compounded this violation when he was released from incarceration and failed to keep the Court

4

informed of his current address. With these intentional failures, Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.    CONCLUSION

Accordingly, it is recommended Plaintiff's case be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of October 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE